IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-HC-2018-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | MOTION TO WITHDRAW |
| v. | ) | CERTIFICATE OF MENTAL |
| | ) | DISEASE OR DEFECT AND |
| MICHAEL LEE COREY MALONE, | ) | DANGEROUSNESS AND DISMISS |
| Reg. No. 42888-511, | ) | WITHOUT PREJUDICE |
| | ) | |
| Respondent. | ) | |

The United States of America, at the request of the Acting Warden at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), by and through the United States Attorney for the Eastern District of North Carolina, hereby moves to withdraw its Certificate of Mental Disease or Defect and Dangerousness [D.E. 1], filed against Respondent on 2 February 2026 pursuant to 18 U.S.C. § 4246, and to dismiss this case without prejudice. In support of this motion, the United States submits the following:

On 2 February 2026, the United States filed a Certificate of Mental Disease or Defect and Dangerousness against Respondent. [D.E. 1]. The same day, the United States notified this Court that Respondent's criminal proceedings in the Eastern District of Virginia remained pending, and Respondent had not yet been found not competent and not restorable to competency. [D.E. 5]. As such, the United States moved to stay the civil commitment proceedings pending resolution of Respondent's

competency to stand trial. [D.E. 5]. That request was granted on 12 February 2026. [D.E. 11].

On 31 March 2026, the United States advised this Court that the United States District Court for the Eastern District of Virginia has denied the Government's request to involuntarily medicate Respondent in order to restore him to competency, thereby rendering Respondent not competent and not restorable. [D.E. 12]. The United States requested that the stay in this matter subsequently be lifted. [D.E. 12]. A Scheduling Order was issued on 19 April 2026, setting deadlines for discovery and evaluations. [D.E. 16].

On 22 May 2026, the United States submitted the evaluation of Respondent's mental condition and dangerousness, authored by FMC Butner Forensic Psychologist Dr. Allyson Sharf. [D.E. 17]. In the report from FMC Butner, Dr. Sharf opined that "[a] consensus of available information suggests that [Respondent's] antisocial personality traits primarily underly his past violent behavior", not his delusional disorder symptoms. [D.E. 17 at 19]. Rather, Dr. Sharf opined that [w]hile [Respondent] has a history of violence, there does not appear to be a connection between the majority of his violent history and his symptoms of delusional disorder." [D.E. 17 at 19]. Moreover, Dr. Sharf noted that Respondent will be subject to conditions of probation once released to the community, which "mitigates some of [Respondent's] risk factors." [D.E. 17 at 20]. As a result, Dr. Sharf opined that Respondent does not meet criteria for civil commitment pursuant to 18 U.S.C. § 4246. [D.E. 17 at 20].

On 29 May 2026, Respondent, through counsel, submitted the report of Dr. Richard Blanks regarding Respondent's mental condition and subsequent dangerousness. [D.E. 18]. Dr. Blanks rendered the same diagnoses as Dr. Sharf and similarly noted "the primary driving force of [Respondent's] lengthy criminal behaviors (and which preceded any concerns for his Delusional Disorder) is his antisocial personality disorder rather than his Delusional Disorder." [D.E. 18 at 27]. Dr. Blanks also remarked that "[i]t is important for the court to note that [Respondent] will be on probation in Virginia for a number of years once released to the community. This heightened supervision should mitigate some of his risk factors and he is well aware that violation of the conditions of his probation could result in his return to jail." [D.E. 18 at 27]. Ultimately, Dr. Blanks also opined that Respondent does not presently meet criteria for civil commitment pursuant to 18 U.S.C. § 4246. [D.E. 18 at 26].

As such, the United States intends to move to withdraw its Certificate of Mental Disease or Defect and Dangerousness. Respondent criminal charges in the Eastern District of Virginia have since been dismissed and Respondent has no known charges pending in the United States. However, Respondent is subject to two terms of supervision in the State of Virginia. Based on available records, Respondent is subject to a three-year term of supervision in Virginia Beach, Virginia, as well as a five-year term of supervision in James City County, Virginia. FMC Butner is working with Respondent, as well as Virginia Probation and Pretrial Services, to plan

for Respondent's anticipated release from custody and to ensure he has housing and transportation in Virginia, as well as contact information for his probation staff.

WHEREFORE, the United States respectfully requests that this Court allow the Government to withdraw its Certificate of Mental Disease or Defect and Dangerousness [D.E. 1] and respectfully requests that this Court dismiss this matter without prejudice.

Respectfully submitted, this 4th day of June 2026.

W. ELLIS BOYLE
United States Attorney

By: /s/ *Genna D. Petre*
GENNA D. PETRE
Attorney for the Petitioner
Special Assistant U.S. Attorney
U.S. Attorney's Office, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Email: genna.petre@usdoj.gov
N.C. Bar # 49466

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 4th day of June 2026, served a copy of the foregoing upon respondent's counsel of record by filing the same via the District Court's CM/ECF Document Filing System.

/s/ *Genna D. Petre*
GENNA D. PETRE
Attorney for the Petitioner
Special Assistant U.S. Attorney
U.S. Attorney's Office, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Email: genna.petre@usdoj.gov
N.C. Bar # 49466